THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GOLD BEACH INVESTMENT
PROPERTIES, INC.,

    Plaintiff,

v.

INTERNATIONAL PAPER CO.,

    Defendant.

No. 1:13-cv-0010-PA

ORDER

**PANNER, J.**

Plaintiff Gold Beach Investment Properties, Inc. brings this breach of contract action for declaratory relief and damages against defendant International Paper Co. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(7), arguing that plaintiff has failed to join a required party. Alternatively, defendant contends that this action should be stayed for arbitration. I deny the motion.

## BACKGROUND

Plaintiff's predecessor in interest purchased a plywood mill from defendant's predecessor in interest. In 1995, the

1 - ORDER

parties executed a settlement agreement to settle their dispute over responsibility for cleaning up the mill site.

In 2011, CE3 Services, LLC, doing business as CE3 Development Co. (CE3), conditionally offered to purchase the mill site from plaintiff. Plaintiff states that CE3, which has apparently paid a $50,000 deposit, wants to determine the extent of environmental cleanup, if any, required before deciding whether to purchase the property.

In this action, plaintiff claims defendant breached the following provision of the parties' 1995 settlement agreement:

> Neither [defendant] nor [plaintiff] shall initiate any contact with any federal, state or municipal entity or agency ("Agency") regarding the cleanup without prior consultation with and permission of the other party. Such permission shall not be unreasonably withheld.

MacCourt Decl., Ex. 1, at 2, ¶ B.1.c. Plaintiff claims defendant has unreasonably withheld permission for plaintiff to contact the Oregon Department of Environmental Quality.

### STANDARDS

A party may move to dismiss for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19(a) describes three ways in which a person may be a necessary party. First, a person is necessary "if, in his absence, the court cannot accord complete relief among existing parties." <u>Salt River Project Agric. Improvement and Power Dist. v. Lee</u>, 672 F.3d 1176, 1179 (9th Cir. 2012) (citing Fed. R. Civ. P. 19(a)(1)(A)). Second, a person is necessary "if he has an interest in the action and resolving the action in his absence

2 - ORDER

may as a practical matter impair or impede his ability to protect that interest." Id. (citing Fed. R. Civ. P. 19(a)(1)(B)(i)). Third, a person is necessary "if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest." Id. (citing Fed. R. Civ .P. 19(a)(1)(B)(ii)).

## DISCUSSION

### I. Motion to Dismiss For Failure to Join CE3

The current action concerns only whether defendant breached a single provision of the 1995 settlement agreement. CE3 is not a party to the 1995 agreement. CE3 need not be joined to give complete relief to the existing parties.

Defendant argues that CE3 has an interest in this litigation based on the $50,000 earnest money CE3 paid plaintiff. Resolving plaintiff's claim for breach of contract will not determine the disposition of the earnest money. CE3 does not have an interest at stake in this litigation that would require its joinder.

Defendant argues that CE3 must be joined to protect defendant from "double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii). Because CE3 is not a party to the 1995 agreement, and has not purchased the property, CE3 could not bring an action against defendant for breaching the same provision of the agreement.

For the reasons Rule 19 does not require CE3's joinder, I

3 - ORDER

conclude that the Declaratory Judgment Act also does not require joinder.

**II. Motion to Dismiss or Stay Pending Arbitration**

The 1995 settlement agreement requires arbitration of "any dispute" over "the party responsible for any costs or the necessity for or the extent the cleanup under this Agreement." Defendant contends the arbitration clause requires that this action be stayed or dismissed in favor of arbitration.

Defendant reads the arbitration clause too broadly. To resolve plaintiff's claims, this court will not determine the party responsible for the cost of cleanup, assuming any cleanup is required. The 1995 settlement agreement does not require arbitration.

**CONCLUSION**

Defendant's motion to dismiss or stay (#6) is denied.

IT IS SO ORDERED.

DATED this __18__ day of April, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

4 - ORDER